JAMES BALDWIN, PLAINTIFF-APPELLANT, v. NORTH RIVER COAL AND WHARF COMPANY, DEFENDANT-RESPONDENT.

Argued May 7, 1935—Decided August 20, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant. *Levenson, Comen & Levenson.*

For the respondent. *Carey & Lane* and *Davis A. Pindar.*

PER CURIAM.

This is an appeal from a judgment of nonsuit entered in the Hudson County Circuit Court. The action was to recover for personal injuries sustained by the plaintiff due to a fall on a pier of the defendant, alleged to be due to the negligence of the defendant. The trial court held that at the time and place of the accident the plaintiff was not an invitee of the defendant, but a licensee or trespasser to whom the defendant owed only the duty of refraining from willful injury, of which there was no evidence; and further held that the plaintiff was guilty of contributory negligence as a matter of law. Upon both these grounds he granted the motion for nonsuit.

The circumstances leading up to the accident were briefly as follows: Defendant operated a pier or wharf in Jersey City where coal was loaded onto barges. There appear to have been two decks or levels, one not far above the water line with passages from end to end, and the other about eight feet above with railroad tracks where cars were run in to be loaded. On this upper deck there was a footway along each side protected by a railing. At the point where plaintiff fell this footway and its railing, which was on the outside, curved or turned outward slightly.

On December 4th, 1931, a barge known as the Harold L., of which the plaintiff was part owner, was loaded at this wharf with coal and before it could be moved away it commenced to sink. Efforts were made during the day to keep it afloat and finally the captain of the boat was told by employes of the defendant to get his "boss" there to take care of the situation. Plaintiff was sent for but did not arrive until twelve-thirty o'clock on the morning of the 5th. He inspected the sinking boat and determined it was necessary to summon aid by telephone. An employe of the defendant told him there was a phone at the top of the pier and he went there but found the office containing the telephone was locked. He was then told there was another telephone at the other end of the pier and proceeded to walk the length of the pier on the top level. It was, of course, dark. There were some lights along the walk but they were testified to be

dim and some distance apart. As the plaintiff approached the place where the footwalk turned outward away from the railroad tracks some eighteen inches, a car stood on the tracks being unloaded, and it was testified that this car threw a shadow in his path.

The photographic exhibits show that at this point there are openings in the floor of this level of the pier through which coal is dropped from cars to be loaded on the barges. The opening on the outside of the railroad tracks extends some eighteen inches from the track and there are openings between the rails of the track.

Plaintiff did not fall into that part of the opening which he first reached in his progress, but apparently stayed on the footway for a distance of approximately fifteen feet and then stepped off and into the hole, sustaining the injuries for which he seeks to recover.

We are of the opinion that the judgment of nonsuit was properly entered because of the contributory negligence of the plaintiff. In the middle of the night, in a dimly lighted place, he chose to wander around alone although not familiar with the details of the construction, and to blindly walk ahead into a place where he says his vision was obstructed by the shadow of the coal car and thus stepped into the hole. We are of the opinion that he did not use proper care for his own safety. There was a walk by which one could pass this place in safety, but plaintiff failed to keep on it because he chose to proceed when he could not see where he was walking.

In the state of the proofs, we are of the opinion that reasonable minds could not differ upon the question and that the plaintiff was guilty of contributory negligence as a matter of law in wandering about this structure, the general nature and purpose of which he must have known but the detailed construction of which was unfamiliar to him.

This determination makes it unnecessary to discuss the other ground of the nonsuit.

The judgment is affirmed.